(No. 3025— )

ELVA JENNINGS PENWELL, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 15, 1944.*

JOHN W. PREIHS, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

Claimant was injured on February 2, 1936, in an accident arising out of and in the course of her employment as a Supervisor at the Illinois Soldiers' and Sailors' Children's School at Normal, Illinois. The injury was serious, causing temporary blindness and general paralysis. The facts are fully detailed in the case of *Penwell* vs. *State,* 11 C. C. R. 365, in which an award was made to the claimant of $5,500.00 for total permanent disability, $8,215.95 for necessary medical, surgical and hospital services expended or incurred to and including October 22, 1940, and an annual pension of $660.00. On February 10, 1942, a further award was made to claimant for medical and hospital expenses incurred from October 22, 1940, to January 1, 1942. On March 10, 1943, a further award was made to claimant for medical and hos-

pital expenses from January 1, 1942, to December 31, 1942. Claim is now made for an additional award of $980.86 for medical, hospital and nursing expenses from January 1, 1943, to and including September 30, 1943.

Claimant remains totally paralyzed from the waist down, the paralysis being of a spastic type; her physical condition has not improved. She has no control over her lower limbs, nor over urine and faeces. From January 1, 1943, up to and including September 30, 1943, she has been required, to relieve her of her injury and to prevent deformity and to stimulate circulation and for relief of bedsores, to employ and receive medical services and nursing attention. She remains helpless, requiring the services of nurses or attendants to move her to and from her bed, to change her bed clothing at least three or four times a day, to administer light treatment to the affected parts of her paralyzed body, and to rub her body with ointments prescribed by her physician. During the period in question, she expended, on account of nursing expenses $490.50; for drugs, $97.79; for medical services, $173.00; for hospital expenses, $123.57; for ambulance services to and from hospital, $84.00; and for supplies, $12.00, totalling, $980.86. Claimant has submitted to the court, with her verified petition, the original receipts and vouchers showing payment of these respective items.

This court has heretofore held that under Section 8, paragraph a of the Workmen's Compensation Act, claimant is entitled to such care as is reasonably required to relieve her of the effects of the injury. (*Penwell* vs. *State, supra.*) There has been no change in claimant's physical condition to justify the denial of an award at this time. The award, however, must be confined to such items as are reasonably required. The drugs listed in claimant's itemized statement, including such items as

Vicks Vatronol, aspirins, Lysol, soap, and unexplained drugs, do not appear to have been so required. Furthermore, Item C of claimant's itemized statement of expenses includes a charge of $30.00 for examination of claimant by the Milton H. Berry School. This is not an authorizzed medical expense, nor is it shown to have been necessary to relieve claimant of the effects of her injury. The other services claimed appear to have been reasonably required, and the charges to be reasonable and just.

An award is therefore made to the claimant for medical and hospital expenses from January 1, 1943, to September 30, 1943, in the sum of $853.07, all of which is accrued and is payable forthwith. The court reserves for future determination claimant's need for further medical, surgical and hospital services.